The STATE of Ohio, Appellant,

v.

LEWIS, Appellee.

[Cite as *State v. Lewis*, 187 Ohio App.3d 701, 2010-Ohio-2872.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090795.

Decided June 25, 2010.

John P. Curp, Cincinnati City Solicitor, Ernest F. McAdams Jr., City Prosecuting Attorney, and William T. Horsley, Assistant City Prosecuting Attorney, for appellant.

SYLVIA S. HENDON, Judge.

{¶ 1} The city of Cincinnati has appealed from the trial court's termination of defendant-appellee Verdial Lewis's administrative license suspension ("ALS").[1] Because the trial court erred in terminating Lewis's license suspension, we must reverse its judgment.

---

1. Lewis has not filed an appellate brief.

{¶ 2} Lewis was pulled over after an officer saw him commit several traffic violations. Based on the results of field-sobriety tests, personal observations, and Lewis's statement that he had consumed alcohol, the officer suspected that Lewis had been driving under the influence. Lewis refused the officer's request to submit to a chemical test. As a result, Lewis received an automatic one-year ALS.

{¶ 3} Lewis was charged with driving under the influence ("OVI"), making an improper turn, and failing to reinstate his license. Following a bench trial, Lewis was found guilty of the latter two offenses. But the trial court found him not guilty of OVI, and it terminated his ALS. In its sole assignment of error, the city now argues that the trial court's termination of the ALS was in error.

{¶ 4} R.C. 4511.191(B) provides for an automatic license suspension following the refusal to submit to a chemical test. And R.C. 4511.191(D)(1) specifically states that "[a]ny subsequent finding that the person is not guilty of the charge that resulted in the person being requested to take the chemical test or tests under division (A) of this section does not affect the suspension."

{¶ 5} This latter provision is directly on point. It clearly states that an ALS imposed for the refusal to submit to a chemical test remains in effect even if a defendant is found not guilty of the charge resulting in the request for the chemical test, which in this case was OVI.[2] Lewis's acquittal on the OVI charge did not entitle him to termination of his ALS.

{¶ 6} In *State v. Kurtz*, the Second Appellate District considered a similar argument.[3] Like Lewis, Kurtz had been stopped for traffic violations and had refused an officer's request to submit to a chemical test, resulting in an ALS. Kurtz had been charged with driving under the influence, but he later entered a no-contest plea to an amended charge of having physical control of a motor vehicle while intoxicated. Kurtz argued that his ALS should have been terminated because he had, in effect, been found not guilty of the DUI charge.[4] The Second Appellate District held that the ALS was not affected by Kurtz's plea to the amended charge, even if that plea was tantamount to a finding of not guilty on the DUI charge.

{¶ 7} We hold that under R.C. 4511.191(D)(1), Lewis's ALS should have remained in effect and was not terminated by the trial court's finding of not guilty on the OVI charge. The trial court erred in terminating the ALS.

2. See *State v. Gustafson* (1996), 76 Ohio St.3d 425, 440, 668 N.E.2d 435.

3. *State v. Kurtz* (Dec. 31, 1997), 2nd Dist. No. 97–CA–25, 1997 WL 797709.

4. Id.

{¶ 8} The city's assignment of error is sustained, the trial court's judgment is reversed, and this case is remanded for the trial court to reinstate Lewis's ALS.

Judgment reversed
and cause remanded.

SUNDERMANN, P.J., and MALLORY, J., concur.